IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAWNDREW SEALS, | ) | CASE NO. 1:07 CV 2324 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| Defendant. | ) | |

### Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Dawndrew Seals, for disability insurance benefits and supplemental security income. The parties have consented to the jurisdiction of the Magistrate Judge.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Seals had recurrent dislocation of the left shoulder, a depressive disorder, and borderline intellectual functioning.[1] He determined, however, that Seals did not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1.[2] Ultimately, the ALJ found Seals not under a disability.[3]

---

[1] Transcript ("Tr.") at 19.

[2] *Id.* at 20.

[3] *Id.* at 25.

Seals asks for reversal of the Commissioner's decision on the ground that substantial evidence does not support the ALJ's finding that her impairments did not meet the listing in § 12.05C of Appendix 1.  I conclude that substantial evidence in the administrative record does support the ALJ's decision that Seals's impairments did not meet the listing at issue. The decision of the Commissioner to deny her applications, therefore, must be affirmed.

## Analysis

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review that this Court must apply in reviewing the decision of the ALJ:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[4]

The Court must review the findings of the ALJ here consistent with that deferential standard.

_____

[4] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

In this case Seals challenges only the ALJ's finding that her impairments did not meet the listing in § 12.05C of Appendix 1.  This is the listing for the mental impairment of mental retardation.

Section 12.05C contains three components.  First, the claimant must meet the diagnostic description for mental retardation.[5]  Second, the claimant must have a verbal, performance, or a full-scale IQ score of between 60 and 70.[6]  Third, the claimant must have a physical or mental impairment imposing additional and significant work-related limitations.[7]

The parties agree that Seals satisfied the third component of the listing – the existence of a physical or mental impairment imposing additional and significant work-related limitations.

As to the second component of the listing, the record contains the results of two Wechsler Adult Intelligence Scale (WAIS) tests disclosing that Seals had IQ scores in the 60 to 70 range.[8]  The consulting psychologist who performed the second and later tests, Kenneth R. Felker, Ph.D., expressed some reservations about the validity of these scores.  Nevertheless, for purposes of this decision, I will assume arguendo that these scores were

---

[5] *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2002).

[6] 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.05C.

[7] *Id.*

[8] Tr. at 226, 336.

-3-

valid.[9]  To meet the listing, a claimant must show that she had the requisite IQ scores before age 22.[10]

In *Bilka v. Commissioner of Social Security*,[11] I observed that case law holds that results of tests performed after age 22 create a rebuttable presumption that the claimant had like scores before age 22.[12]  Here, the presumption is buttressed by evidence from school records that Seals had WAIS scores of 64 and 66 at age 14.[13]

This does not compel a resolution of the case in Seals's favor, however.  As previously noted, in addition to meeting the specific criteria of § 12.05C, the claimant must also satisfy the diagnostic description of mental retardation in the introductory paragraph of § 12.05.  Section 12.00A of the listing expressly provides:

> If your impairment satisfies the diagnostic description in the introductory paragraph **and** any one of the four sets of criteria, we will find that your impairment meets the listing.[14]

The Sixth Circuit in *Foster v. Halter* approved this reading of the listing.[15]

---

[9] *Id.* at 337.

[10] 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.05.

[11] *Bilka v. Comm'r of Soc. Sec.*, 252 F. Supp. 2d 472 (N.D. Ohio 2002).

[12] *Id.* at 475.

[13] Tr. at 226.

[14] 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.00A (emphasis added).

[15] *Foster*, 279 F.3d at 354.

According to that diagnostic description "[m]ental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22."[16]  Unfortunately for Seals, the two examining professionals who have weighed in on this issue, Dr. Felker and J. Joseph Konieczny, Ph.D., have opined that she had borderline intellectual functioning rather than mental retardation.[17]

Based on the opinions of the consulting examining psychologist, a reasonable mind could accept the conclusion that Seals did not satisfy the diagnostic description for mental retardation and, therefore, did not meet the requirement of the listing.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Seals had no disability.  Accordingly, the decision of the Commissioner denying Seals disability insurance benefits and supplemental security income is affirmed.

IT IS SO ORDERED.

Dated:  August 26, 2008                     s/ William H. Baughman, Jr.
                                            United States Magistrate Judge

---

[16] 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.05.

[17] Tr. at 348, 418.